UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FIRST MERCHANTS TRUST COMPANY, as the personal representative of the ESTATE of STEVEN SHELTON, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:08-cv-0304-DFH-JMS |
| | ) | |
| WAL-MART STORES EAST, LP, WAL-MART STORES, INC., LASALLE GROUP, INC., CRIDER & CRIDER, INC., SIEMENS ENERGY & AUTOMATION, INC., HENDERSON ENGINEERS, INC., BRR ARCHITECTURE, INC., and ASP CORPORATION, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| STEPHEN ABBOTT and STEPHANIE ABBOTT, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:08-cv-0305-DFH-JMS |
| | ) | |
| WAL-MART STORES EAST, LP, WAL-MART STORES, INC., LASALLE GROUP, INC., CRIDER & CRIDER, INC., SIEMENS ENERGY & AUTOMATION, INC., HENDERSON ENGINEERS, INC., BRR ARCHITECTURE, INC., and ASP CORPORATION, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____

ROBERT BYRON EURY,         )
                                     )
             Plaintiff,        )
                                     )
      v.                     )   CASE NO. 1:08-cv-0306-DFH-JMS
                                     )
WAL-MART STORES EAST, LP,   )
WAL-MART STORES, INC., LASALLE )
GROUP, INC., CRIDER & CRIDER, INC., )
SIEMENS ENERGY & AUTOMATION, )
INC., HENDERSON ENGINEERS, INC., )
BRR ARCHITECTURE, INC., and ASP )
CORPORATION,                 )
                                     )
           Defendants.      )

## ENTRY ON PLAINTIFFS' MOTIONS TO REMAND

Plaintiffs in these three cases seek damages for wrongful death and serious injuries arising from the same construction accident. Plaintiffs filed these actions in state court in the fall of 2006 and January 2007. Defendant Siemens Energy & Automation, Inc. was added as a defendant in February 2008 and then removed all three cases to this court on March 7, 2008. Plaintiffs promptly moved to remand each case to state court based on the one-year time limit in 28 U.S.C. § 1446(b) for removing cases based on diversity jurisdiction. As explained below, the plaintiffs' motions are granted. Section 1446(b) prohibits a later-added defendant from removing an initially non-removable case based on diversity jurisdiction more than one year after the case was commenced in state court. The plain language of the statute requires that result even where the defendant is added so late that it never had a timely opportunity to remove the case. The

legislative history confirms that Congress intended that result, which is also consistent with the overwhelming weight of case law.

I.    *Procedural History*

On August 26, 2006, Stephen Abbott, Robert Eury, and Steven Shelton were working on the construction of a new "Super Wal-Mart" in Bloomington, Indiana. All three were employees of an electrical subcontractor hired for the project. The three men were working in a small room that housed the building's power supply. An explosion occurred in the room and burned the three men. Shelton died as a result of the accident. Abbott and Eury suffered extensive and severe burns. Shelton's estate, Eury, and Abbott and his wife filed suits in state court. In each of the three cases, the complaint was amended twice. The procedural details are important for the jurisdictional and removal issues.

First, on October 6, 2006, Stephen Abbott and his wife Stephanie sued three defendants in the Monroe Circuit Court: Wal-Mart Stores, Inc.; Lasalle Group, Inc.; and Duke Energy Indiana, Inc. Case No. 1:08-cv-305, Docket No. 1, Attach. 23 at 104. On October 27, 2006, the Abbotts amended their complaint to substitute Wal-Mart Stores East, LP for Wal-Mart Stores, Inc. as a defendant. *Id.* at 68. On February 18, 2008, the Abbotts again amended their complaint, adding six defendants: Wal-Mart Stores, Inc.; Crider & Crider, Inc.; Siemens Energy &

Automation, Inc.; Henderson Engineers, Inc.; BRR Architecture, Inc.; and ASP Corporation.  Case No. 1:08-cv-304, Docket No. 1, Attach. 3 at 4.

Second, on November 1, 2006, First Merchants Trust Company, representing Steven Shelton's estate, sued three defendants in the Monroe Circuit Court:  Wal-Mart Stores, Inc.; Lasalle Group, Inc.; and Duke Energy Indiana, Inc. Case No. 1:08-cv-304, Docket No. 1, Attach. 12 at 95.  On June 28, 2007, First Merchants amended its complaint to add three defendants:  Wal-Mart Stores East, LP; Crider & Crider, Inc.; and Monroe County.  Case No. 1:08-cv-306, Docket No. 1, Attach. 7 at 5.  On February 21, 2008, First Merchants again amended its complaint, adding four defendants:   Siemens Energy & Automation, Inc.; Henderson Engineers, Inc.; BRR Architecture, Inc.; and ASP Corporation.  Case No. 1:08-cv-305, Docket No. 1, Attach. 4 at 13.

Third, on January 19, 2007, Eury's guardians sued three defendants in the Monroe Circuit Court: Wal-Mart Stores East, LP; Lasalle Group, Inc.; and Duke Energy Indiana, Inc.  Case No. 1:08-cv-306, Docket No. 1, Attach. 15 at 53.  On June 14, 2007, Eury amended his complaint, substituting himself as the named plaintiff and adding two defendants:  Crider & Crider, Inc. and Monroe County. Case No. 1:08-cv-304, Docket No. 1, Attach. 11 at 8.  On February 1, 2008, Eury again amended his complaint, adding five defendants:  Wal-Mart Stores, Inc.; Siemens Energy & Automation, Inc.; Henderson Engineers, Inc.; BRR

Architecture, Inc.; and ASP Corporation.   Case No. 1:08-cv-304, Docket No. 1, Attach. 3 at 32.

The three cases could not have been removed to federal court when they were first filed.  Defendant Duke Energy Indiana, Inc. is a citizen of Indiana whose presence defeated complete diversity of citizenship.  Pursuant to a stipulation, the Monroe Circuit Court dismissed defendant Duke Energy Indiana from all three cases on July 16, 2007.  Case No. 1:08-cv-304, Docket No. 1, Attach. 10 at 3-5. After a hearing, on October 11, 2007, the Monroe Circuit Court granted defendant Monroe County's motions to be dismissed in the *First Merchants* and *Eury* cases for failure to state a claim upon which relief could be granted.  Case No. 1:08-cv-306, Docket No. 1, Attach. 11 at 30-31.  The dismissals were certified as final and appealable judgments as to Monroe County.  There has been no appeal.

After being named as a defendant in all three cases in February 2008, Siemens invoked this court's diversity jurisdiction and removed all three cases to this court on March 7, 2008, under 28 U.S.C. § 1441(b).  The removal in each case was filed within thirty days after service of process on Siemens.  Within thirty days after the removals, plaintiffs moved to remand all three cases.  Plaintiffs argue that even if diversity of citizenship was complete at the time of the removals, remand is required because the removals occurred more than one year after each case was commenced in state court, contrary to 28 U.S.C. § 1446(b).

II.    *The Indiana Defendants*

All plaintiffs are citizens of Indiana, and there is no doubt that the amount in controversy in each case exceeds $75,000.  Before examining the removal issue under section 1446(b), the court must first address whether diversity of citizenship is in fact complete so that subject matter jurisdiction is available. Duke Energy Indiana is an Indiana citizen that was named in all three cases and was dismissed voluntarily.  Defendant Monroe County was named as a defendant in two cases (*First Merchants* and *Eury*) and was dismissed involuntarily by the state court.  Defendant Crider & Crider is an Indiana corporation.  It is now named as a defendant in all three cases, but none of the complaints include any substantive allegations against it.

*Duke Energy Indiana*:  The voluntary dismissal of all claims against Duke Energy Indiana means that it can be disregarded for purposes of removal and subject matter jurisdiction.  See, *e.g.*, *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71-72 (7th Cir. 1992); *Self v. General Motors Corp.*, 588 F.2d 655, 657-58 (9th Cir. 1978) (explaining difference between voluntary and involuntary dismissal of non-diverse defendants).

*Monroe County*:  Defendant Monroe County poses a different problem for the *First Merchants* and *Eury* cases.  (Monroe County was not named as a defendant in the *Abbott* case.)  The dismissal of Monroe County was involuntary, but there

was no appeal of the separate and final judgments entered in favor of Monroe County.  By the time Siemens removed these cases, there seemed to be no possibility that the claims against Monroe County could be revived in state court. In *Poulos v. Naas Foods*, the Seventh Circuit noted a circuit split as to whether a plaintiff's failure to appeal could convert an involuntary dismissal into a voluntary one for purposes of deciding whether diversity is complete.  959 F.2d at 72 n.3, comparing *Quinn v. Aetna Life & Casualty Co.*, 616 F.2d 38, 40 n.2 (2d Cir. 1980) (treating dismissal as voluntary where plaintiff failed to appeal), with *Self v. General Motors Corp.*, 588 F.2d at 658-60 (finding that only dismissals initiated by plaintiff are voluntary, even where the plaintiff entered into a covenant not to execute the judgment).  *Poulos* did not take sides on this question, and the court has found no Seventh Circuit decision that takes sides on it.

There are good arguments on both sides of this question, as the majority and dissenting opinions in *Self* show.  In the absence of more specific guidance from the Seventh Circuit on this question, this court adopts the view of the majority in *Self*, so that the state court's involuntary dismissal of Monroe County as a defendant does not allow this court to disregard its presence as a defendant in determining whether to remand.   This court will not attempt to add substantially to Judge Murphy's discussion of the issue in *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 1004 (S.D. Ill. 2007) (applying voluntary-involuntary dismissal rule to remand to state court, and noting that application of rule does not depend on whether time to appeal an involuntary dismissal has run).  This

result is consistent with the general rule that removal statutes should be construed narrowly. See, *e.g.*, *Poulos*, 959 F.2d at 71. If the premise for allowing removal is that the state court's dismissal is final, the challenge then becomes determining when it is truly final. Trying to determine when time to appeal a state court decision has truly and finally expired can be difficult, as illustrated, for example, by the facts in *American Car & Foundry Co. v. Kettelhake*, 236 U.S. 311, 315-16 (1915) (affirming state court decision holding that action was not removable). In addition, Indiana Trial Procedure Rule 60(B), which is parallel to Rule 60(b) of Federal Rules of Civil Procedure, allows post-judgment motions for relief from judgment on several grounds if filed within "a reasonable time" and on other grounds up to one year after the judgment is entered. If the case is removed after a dismissal that was not appealed, and if the state court later grants a Rule 60(B) motion reinstating the claims against the dismissed non-diverse defendant, what effect should that action have on the removal and on federal jurisdiction? Subject matter jurisdiction in the federal court should not rest on such an uncertain foundation.

A defendant can still avoid remand by showing that the non-diverse defendant was "fraudulently joined." *E.g.*, *Poulos*, 959 F.2d at 73 (affirming denial of remand). "Fraudulent joinder" is a term of art that applies both to deliberately fraudulent allegations and to claims against non-diverse defendants that simply have no chance of success, regardless of the plaintiff's subjective intent. *Id.*; *Antonio v. Wal-Mart*, No. 1:07-cv-6, 2007 WL 2884371, at *2 (S.D. Ind. Sept. 27,

2007) (Tinder, J.) (remanding after finding no fraudulent joinder where state law on claim against individual store manager was "unsettled"). Siemens has made no attempt to show that plaintiffs joined Monroe County fraudulently as a defendant in the *First Merchants* and *Eury* cases. Accordingly, those two cases were not properly removable and must be remanded on this basis alone.

*Crider & Crider*: The other Indiana citizen among the named defendants is Crider & Crider, Inc., a concrete company. Plaintiffs First Merchants Trust Company and Eury sued Crider in their amended complaints, alleging that Crider was negligent in pouring concrete at the Super Wal-Mart site. In late January 2008, Crider moved for summary judgment, arguing that its concrete pouring activities did not proximately cause the plaintiffs' injuries. See Case No. 1:08-cv-305, Docket No. 1, Attach. 9 at 42-45. In their second amended complaints, plaintiffs in all three cases, including the Abbotts, named Crider as a defendant, but they included no substantive allegations of wrongdoing against Crider. In the case management plan submitted to this court on April 23, 2008, the parties stated that the "Plaintiffs had agreed to voluntarily dismiss Crider & Crider before removal occurred." Case Management Plan 5 n.1.

At the time of removal, which is the critical time, there was no indication that plaintiffs intended to prove that Crider was actually liable for the accident. Thus, Crider's presence does not affect diversity. See generally *Hoosier Energy Rural Electric Co-op., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th

Cir. 1994) (finding removal proper, and observing that "fraudulent joinder" occurs when the plaintiff cannot state a claim against a diversity-destroying defendant in state court or has fraudulently pled jurisdictional facts); see also *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368-69 (7th Cir. 1993) (finding that defendant whom plaintiff agreed to dismiss but never actually dismissed before removal, and against whom plaintiff made no substantive allegations, was "nominal" party whose presence did not defeat diversity jurisdiction), modified on other grounds by *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540, 542-43 (7th Cir. 2006); *Mattingly v. Sportsstuff, Inc.*, No. 07-cv-403, 2007 WL 2410105, at *2 (S.D. Ill. Aug. 23, 2007) (observing that fraudulent joinder and nominal defendant inquiries are closely related), citing *Franke v. Heartland Express, Inc.*, No. 00-c-5222, 2001 WL 436214, at *1 (N.D. Ill. Apr. 27, 2001) (same).

Based on the plaintiffs' second amended complaints (the operative pleadings at the time of removal), Crider could be deemed either a nominal party or one that was fraudulently joined. A party is often deemed "nominal" if it is merely a stakeholder between the real adversaries, see, *e.g., Matchett v. Wold*, 818 F.2d 574, 576 (7th Cir. 1987), but Crider is nominal in the more literal sense that it has been named, and only named. Plaintiffs make no allegations of wrongdoing or of any other basis for obtaining relief from Crider. The company has been fraudulently joined, not in a harsh sense that describes plaintiffs' intent, but only in the sense that the second amended complaints fail to allege any basis upon which the company could possibly be held liable. Plaintiffs have not argued to the

contrary.  Accordingly, the listing of Crider & Crider as a defendant does not defeat removal in any of the three cases.

III.    *Time Limits in Section 1446(b)*

The *First Merchants* and *Eury* cases must be remanded because the involuntary dismissal of Monroe County did not remove it from those cases for purposes of deciding complete diversity of citizenship.  All three cases must be remanded for an independent reason.  Siemens' removal violated the one-year time limit in 28 U.S.C. § 1446(b) for removal of diversity jurisdiction cases.

Defendant Siemens argues that the only deadline that applies to it under section 1446(b) is the requirement that it file its notice of removal within thirty days after being served.  Section 1446(b) states in full:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Section 1446(b) has three deadlines.  The first paragraph of section 1446(b) requires a defendant wishing to remove a case to federal court to file its notice of removal within thirty days after being served.  If a case is not initially removable but later becomes removable, the second paragraph of section 1446(b) requires a defendant wishing to remove the case to file its notice of removal within thirty days after receiving a paper first indicating that the case has become removable.  The last clause of the second paragraph prohibits removal of cases based on diversity jurisdiction more than one year after commencement of the cases in state court.

Siemens filed its removal notices within thirty days after being served, and thus complied with the deadline in the first paragraph.  Siemens argues that the one-year time limit in the second paragraph applies only to removal notices filed pursuant to the thirty-day deadline set forth in the second paragraph.  The one-year clock starts running for a defendant who is named and served originally as soon as the plaintiff files the complaint and serves the defendant.  According to Siemens' interpretation, when a plaintiff adds and serves a new defendant, a new one-year clock starts running for that defendant.  Siemens argues that because it was not named as a defendant at the outset of these cases, but was added after more than one year of state court litigation, it still had a right to remove the cases.  Siemens contends that its time for removing could not have expired months before it was even added as a defendant.

This interpretation has some superficial appeal, but it runs contrary to the plain language of section 1446(b). And if there were room for argument based on the language, the legislative history makes sufficiently clear that Congress intended to bar later-added defendants like Siemens from removing cases more than one year after their commencement. Applicable case law weighs heavily in favor of this result for later-added defendants.

*Statutory Text*: The statutory text provides that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." The one-year clock starts to run with the "commencement of the action," not with service of a pleading or summons on the particular defendant, as Siemen's argument would have it.

The statutory text allows room to argue that the "except" clause with the one-year limit modifies only the contents of the second paragraph and thus applies only to initially non-removable cases. Four circuits have so held. See *Brown v. Tokio Marine & Fire Insurance Co.*, 284 F.3d 871, 873 (8th Cir. 2002); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534-35 (6th Cir. 1999); *New York Life Insurance Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998) ("the most sound reading of a sentence will refer its limiting clause back to the antecedent clause to which it is attached, and not to other paragraphs or sentences in the statute"); see also *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 631 n.6 (7th Cir. 2007)

(observing in dicta that the "clause containing the one-year bar is part of the paragraph specifically addressing the time limits for cases that are not initially removable; its placement in this paragraph indicates that it modifies only the immediately preceding language in the same paragraph").

There is no question, however, that the one-year time limit applies to all cases that were not initially removable, like these three cases. In their initial complaints, all plaintiffs sued Duke Energy Indiana, Inc., an Indiana citizen. Under any reading, therefore, the one-year limit applies to these cases. The language in section 1446(b) states as clearly as possible that the one-year clock for removal of initially non-removable diversity cases starts running when the action commences in state court.

In Indiana, a plaintiff commences a civil action by filing the complaint, paying the appropriate filing fee, and providing the clerk with the requisite number of copies of the complaint and summons. See Ind. R. Trial P. 3. The plaintiffs here commenced their cases on October 6, 2006; November 1, 2006; and January 19, 2007, respectively. Siemens filed its notices of removal on March 7, 2008, well past the one-year deadline in all three cases.

Despite the statute's clear language, Siemens argues that the one-year limit treats defendants differently depending on when they were added to a case that was initially not removable. Under Siemen's theory, the one year limit would bar

the original defendant in an initially non-removable case from removing after one year, but would allow later-added defendants to remove regardless of the one-year limit. But the statutory text does not distinguish between those two groups of defendants. Siemens has offered no rationale that might have led Congress to want to apply the absolute one-year bar to two groups of defendants differently, allowing later-added defendants to remove after more than a year of state court litigation but prohibiting original defendants from doing so. The statutory text points clearly to remand in these cases.

*Case Law*: Siemens has not cited any cases directly on point, none holding that a later-added defendant can remove a case based on diversity jurisdiction more than one year after the action was commenced in state court. In fact, as shown below, numerous district courts have reached the opposite conclusion and have remanded cases that present the same question.

In the absence of cases on point that support its answer to the question, Siemens has tried to construct an argument with indirect support from two cases: *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), and *Price v. Wyeth Holdings Corp.*, 505 F.3d 624 (7th Cir. 2007). Neither case decided the question presented here.

In *Murphy Brothers*, the plaintiff filed a complaint in state court against the defendant. The plaintiff faxed the defendant a courtesy copy of the complaint but

did not properly serve the defendant until fourteen days later.  Thirty days after being served properly, the defendant filed a notice of removal.  The plaintiff argued that the defendant's removal notice was untimely, claiming that the thirty-day deadline in section 1446(b) had started to run when the defendant received the faxed courtesy copy of the complaint.  The Supreme Court rejected that argument, applying the "bedrock principle" that a party's obligation to participate in litigation begins only after the party receives formal service.  526 U.S. at 347-48.  That "bedrock principle" applies here too, but it is not the sole principle involved.  Fidelity to the statutory text is also a governing principle here.  *Murphy Brothers* presented no issue regarding the one-year outer limit on removal of diversity jurisdiction cases.

Siemens next turns to *Price v. Wyeth Holdings* to try to avoid the one-year time limit as a later-added defendant.  *Price*, however, involved not a later-added defendant but a rather bizarre course of events in the state courts.  In *Price*, in 1993, a husband and wife sued two defendants in state court.  Upon receiving a letter from a defense counsel stating that a federal statute required the case to be filed in the United States Court of Federal Claims, the plaintiffs voluntarily dismissed the state court suit less than two weeks after serving the defendants.  They pursued their claims in federal court.  There, the wife obtained a $1 million judgment, but the husband learned that his derivative claim was not compensable under the federal statute.

The proceedings then took a strange turn.  In 1998, the husband returned to the state court and filed a motion in the dismissed case to "reinstate" the case. The husband provided no notice of that motion to the defendants, and the state court granted the motion without giving notice to the defendants.  Nothing more happened until 2000, when the husband filed motions for default judgment saying that process had been served in 1993 and that defendants had failed to appear or respond.  The motions for default judgment said nothing about the voluntary dismissal in 1993, and the husband did not serve the motions for default judgment on the defendants.   505 F.3d at 627.  Without further notice to the defendants, the state court held a hearing and awarded the husband $5 million. The husband made no effort to collect on the judgment until 2004, when he launched garnishment proceedings.  Defendants then received on June 14, 2004, their first notice of any state court proceedings since 1993.  The defendants removed the case eight days after they received that notice.  *Id.* at 627-28.  The district court denied remand, vacated the default judgments, and granted summary judgment for the defendants based on the statute of limitations.

The Seventh Circuit affirmed.  The Seventh Circuit held that the removal in 2004 was timely.  The husband argued that the thirty-day clock in section 1446(b) had run in 1993, even though plaintiffs had voluntarily dismissed their case less than two weeks after serving the defendants.  Their theory was that the dismissed case somehow remained "pending" indefinitely, a theory that the Seventh Circuit

rejected as "utter nonsense."  505 F.3d at 629.  The dismissal had terminated the case and stopped the removal clock.

The husband also argued that the one-year removal limit had run.  The Seventh Circuit firmly rejected the theory:

> The most obvious problem with Price's argument is that it rests on the illogical premise we have already rejected:  that the removal clock somehow continues to run after a lawsuit has been voluntarily dismissed. It goes without saying that a dismissed case cannot be removed; removal time limits do not continue to run after a case has been dismissed.  The Prices voluntarily dismissed their lawsuit two weeks after it was filed, and their counsel failed – intentionally, it seems – to give the defendants notice of its reinstatement.  The defendants filed for removal eight days after first receiving service of any sort of notice of the reinstated lawsuit.  This is well within the one-year bar, even assuming it has any relevance here.

505 F.3d at 630-31.  Apart from the fact that *Price* is controlling precedent for this court, of course, this reasoning is also powerful and persuasive.  The problem for Siemens is that it has no application here.  The state court proceedings in the three cases here were not dismissed.  They commenced with notice to the defendants and moved forward without interruption, let alone dismissal, for more than a year before Siemens was added and served as a defendant.

Nevertheless, Siemens relies on the following passage from *Price*:

> Before moving on, we pause to emphasize the absurdity of Price's arguments about the timeliness of the removal.  Neither the language of nor the purposes behind the time limits contained in § 1446(b) could possibly support a reading that the limits run against defendants who are unaware of the pending claim.  See 28 U.S.C. § 1446(b) (removal shall be sought

within 30 days *of receipt* of the complaint or within 30 days *of receiving* the first removable pleading) (emphasis added); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process."); *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982) ("The purpose of the 30-day limitation is twofold:  to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system; and to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court.").  That an attorney could in good faith expect to prevail on such baseless arguments is difficult to fathom.

505 F.3d at 631.  From this passage, Siemens infers that the Seventh Circuit would exempt later-added defendants from the effects of the one-year limit in section 1446(b), on the theory that no time limit for removal can start to run until the affected defendant is aware of the case.  But Siemens reads far too much into this passage, which was written for a very different case, one in which the plaintiffs had engaged in inexcusable manipulation of state court processes for years without giving any notice to any defendant.

The Seventh Circuit in *Price* did not address at all the issue of later-added defendants under section 1446(b), nor did the authorities cited in *Price*.  As discussed above, *Murphy Brothers* did not address that issue.  The cited *Wilson* case explained the policies supporting section 1446(b)'s thirty-day time limits, but the case involved federal question jurisdiction and was decided several years before Congress added the one-year time limit to section 1446(b) in 1988.  The

case thus had nothing to add about how the one-year time limit applies to any defendant, let alone a later-added one.  Accordingly, *Price* does not show that the Seventh Circuit construes the one-year limit in section 1446(b) as not applying to later-added defendants.

In fact, numerous district courts have held that the one-year time limit bars later-added defendants from removing diversity cases that have been pending in state court for more than a year.  *E.g.*, *U.S. Airways, Inc. v. PMA Capital Insurance Co.*, 340 F. Supp. 2d 699, 704-07 (E.D. Va. 2004) (remanding where later-added defendant removed case to federal court more than one year after plaintiffs commenced suit in state court, and rejecting argument that one-year time limit does not begin to run against later-added defendant until plaintiff joins defendant); *Sledz v. Flintkote Co.*, 209 F. Supp. 2d 559 (D. Md. 2002) (same); *Sasser v. Ford Motor Co.*, 126 F. Supp. 2d 1333, 1335-37 (M.D. Ala. 2001) (same); *Howell v. St. Paul Fire & Marine Insurance Co.*, 955 F. Supp. 660, 662-63 (M.D. La. 1997) (same); *Price v. Messer*, 872 F. Supp. 317, 319-21 (S.D. W. Va. 1995) (same); *Royer v. Harris Well Service, Inc.*, 741 F. Supp. 1247 (M.D. La. 1990) (same); *Gallo v. Homelite Consumer Products*, No. 07-c-653, 2007 WL 1438127 (N.D. Ill. May 10, 2007) (same); *Scollard v. Rocky Mountain Holding Co.*, No. 4:06CV3196, 2007 WL 570303 (D. Neb. Feb. 14, 2007) (same); *City of Portsmouth v. Buro Happold Consulting Engineers, P.C.*, No. 2:05CV341, 2005 WL 2009281, at *2-4 (E.D. Va. Aug. 19, 2005) (remanding where later-added defendant removed case to federal court more than one year after plaintiffs commenced suit in state court);

*Graft v. Alcoa*, No. 1:02-cv-1848, 2003 WL 1984347, at *2-4 (S.D. Ind. Apr. 4, 2003) (Baker, J.) (report and recommendations adopted by district judge in Docket No. 21) (remanding where later-added defendant removed case to federal court more than one year after plaintiffs commenced suit in state court, and rejecting argument that one-year time limit does not begin to run against later-added defendant until plaintiff joins defendant). In the face of this authority, Siemens has cited nothing on point.

*Legislative History*: The legislative history of the 1988 amendments to the federal jurisdictional and removal statutes shows that the many decisions applying the one-year limit to bar removal by later-added defendants are consistent with both the statutory text and the legislation's expected effects. Congress added the one-year time limit to section 1446(b) in 1988 as part of the Judicial Improvements and Access to Justice Act, Pub L. 100-702, 102 Stat. 4642. The House Report stated that the one-year limit was intended as a "modest curtailment" of removal of diversity cases where a change in parties first permits removal of cases that have been pending in state court for at least a year: "Removal late in the proceedings may result in substantial delay and disruption." H.R. Rep. No. 100-889, at 72 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6032-33.

The Judicial Conference's Committee on Court Administration had proposed the amendment, recognizing that the one-year limit, to balance justice and

efficiency in both state and federal courts, would restrict the removal rights of some parties who previously had enjoyed access to federal courts:

> The proposed amendment would establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction, a consequence that will seem to some an attractive bonus and to others a price that must be paid for easing the impact of removal on continuing proceedings.

*Court Reform and Access to Justice Act: Hearings Before the Subcomm. on Courts, Civil Liberties, and the Administration of Justice of the H. Comm. on the Judiciary*, 100th Cong. 97 (1987) (prepared statement of Hon. Elmo B. Hunter, Chairperson, Comm. on Court Administration of the Judicial Conference).

The thirty-day deadlines in section 1446(b) require defendants to move quickly in removing a case to federal court – either shortly after the case begins or shortly after the case becomes removable for the first time. See *Wilson*, 668 F.2d at 965. The purpose of the new one-year deadline was to eliminate delay, repetition, and waste after the parties had already been litigating in state court for a substantial time. See H.R. Rep. No. 100-889, at 72. Before removal in these cases, the plaintiffs had dismissed and added defendants as discovery progressed, several defendants had filed summary judgment motions, and the cases had been set for trial in October 2008. See Case No. 1:08-cv-305, Docket No. 1, Attach. 2. With these remands, Siemens is paying the price that Congress

recognized would be exacted from some defendants seeking removal of diversity cases.  Siemens and the other defendants must defend themselves in state court.

Accordingly, these cases are hereby REMANDED to the Monroe Circuit Court from which they were removed.

So ordered.

Date: May 28, 2008

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

William J. Beggs
BUNGER & ROBERTSON
wjbeggs@lawbr.com,kwest@lawbr.com

John D. Boren
BOREN OLIVER & COFFEY
johnboren@boclawyers.com

William E. Emerick
STUART & BRANIGIN LLP
wee@stuartlaw.com,mmy@stuartlaw.com,mcr@stuartlaw.com

Joshua B. Fleming
LOCKE REYNOLDS LLP
jfleming@locke.com,kgoletz@locke.com

Joseph H. Guffey
HUSCH BLACKWELL SANDERS LLP
joseph.guffey@huschblackwell.com,debra.feilner@huschblackwell.com,kim.yoc
ks@huschblackwell.com

Thomas Edward Hastings
THE HASTINGS LAW FIRM
thastings@lawindianapolis.com

Lonnie D. Johnson
MALLOR CLENDENING GRODNER & BOHRER
ljohnson@mcgb.com,jfries@mcgb.com,mmccutch@mcgb.com

William Earl Kelley , Jr
DREWRY SIMMONS VORNEHM, LLP
wkelley@drewrysimmons.com,dlushell@drewrysimmons.com

Stephen A. Oliver
BOREN OLIVER & COFFEY
steveoliver@boclawyers.com

Stephen Richard Pennell
STUART & BRANIGAN
srp@stuartlaw.com,sjc@stuartlaw.com

Michael Rabinowitch
WOODEN & MCLAUGHLIN LLP
mrabinowitch@woodmaclaw.com,drichards@woodmaclaw.com

John W. Richards
BUNGER & ROBERTSON
jwr@lawbr.com,kwest@lawbr.com

Kevin C. Schiferl
LOCKE REYNOLDS LLP
kschiferl@locke.com,thalcomb@locke.com,sking@locke.com,sbailey@locke.com

Richard Robert Skiles
SKILES DETRUDE
rskiles@skilesdetrude.com

Sarah N. Snoeberger
STUART & BRANIGIN LLP
sns@stuartlaw.com,rlm@stuartlaw.com

Janice L. Sterling
MALLOR CLENDENING GRODNER & BOHRER LLP
jsterling@mcgb.com

David A. Temple
DREWRY SIMMONS VORNEHM, LLP
dtemple@drewrysimmons.com

Jamie A. Young
WOODEN & MCLAUGHLIN LLP
jyoung@woodmaclaw.com

Richard Alan Young
KIGHTLINGER & GRAY
ryoung@k-glaw.com,sclevenger@k-glaw.com